IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-CR-00012-KDB-DSC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| VICKIE JOY POTTER (4) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the Defendant *pro se* for compassionate release based on the COVID-19 pandemic under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. (Doc. No. 103).

Section 603(b) of the First Step Act amended § 3582(c)(1)(A), which previously only allowed a court to reduce a term of imprisonment on motion of the Director of Prisons (BOP). Now a court may entertain a motion filed by a defendant: (1) after full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on his behalf; or (2) after lapse of 30 days from the receipt of such a request by the warden of his facility, whichever is less.

Here, Defendant was denied compassionate release by the warden on April 27, 2020 (Doc. No 101, Page 4). However, the motion fails to show that the Defendant has fully exhausted her administrative rights to appeal a failure of the BOP to bring a motion on her behalf. Defendant states that the Court has the original denial letter by the warden filed with Defendant's earlier motion (Doc. No. 101) and that she does not have a copy available to her to pursue her administrative remedies. The Court will attach to this Order a copy of said denial letter so the

Defendant may pursue her administrative remedies. Likewise, the Defendant claims to suffer from severe asthma but fails to provide BOP medical records to substantiate her claims. Therefore, the Court will not consider the merits of her claim. *United States v. Raia,* 954 F.3d 594, 595 (3d Cir. 2020) (denying motion for compassionate release based on COVID-19 where defendant did not seek relief from BOP).

**IT IS, THEREFORE, ORDERED**, that the Defendant's pro se motion for compassionate release (Doc. No. 103), is **DENIED** without prejudice to a renewed motion properly supported by evidence and after exhaustion of her administrative remedies.

**SO ORDERED.**

Signed: July 23, 2020

Kenneth D. Bell
United States District Judge